IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BRUCKNER and RENEE BRUCKNER, | CIVIL ACTION NO. 1:21-cv-317 |
| Plaintiffs, | |
| vs. | |
| ERIE INSURANCE COMPANY, ET AL, | |
| Defendant. | |

## Answer and Affirmative Defenses

AND NOW, come the Defendants, Erie Indemnity Company, Erie Insurance Property and Casualty Company and Erie Insurance Exchange, by their attorneys, DiBella Weinheimer, and present the following Answer and Affirmative Defenses:

## Answer

Erie Indemnity Company, Erie Insurance Property and Casualty Company and Erie Insurance Exchange aver that they have a full and complete defense to the Plaintiffs' Complaint as follows:

1. After a reasonable investigation, Defendants, Erie Indemnity Company, Erie Insurance Property and Casualty Company and Erie Insurance Exchange (hereinafter referred to as "Erie") are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 1 of the Plaintiffs' Complaint. Therefore, they are denied and strict proof thereof is demanded at the time of trial to the extent it is reasonable and necessary.

2. The allegations of paragraph 2 of the Plaintiffs' Complaint are admitted.

3. The allegations of paragraph 3 of the Plaintiffs' Complaint are admitted.

4. The allegations of paragraph 4 of the Plaintiffs' Complaint is denied as stated.  Erie Insurance Exchange is a licensed unincorporated reciprocal insurance exchange organized under the Insurance Code of the Commonwealth with an office and principal place of business located at 100 Erie Insurance Place, P.O. Box 1699, Erie, Pennsylvania 16530.

5. The allegations of paragraph 5 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required of Erie. To the extent that any further answer is deemed to be required, the said allegations are denied.

6. The allegations of paragraph 6 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required of Erie. To the extent that any further answer is deemed to be required, the said allegations are denied.

7. The allegations of paragraph 7 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required of Erie. To the extent that any further answer is deemed to be required, the said allegations are denied.

8. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 8 of the Plaintiffs' Complaint. Therefore, they are denied and strict proof thereof is demanded at the time of trial to the extent relevant and material.

9. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 9 of the Plaintiffs' Complaint. Therefore, they are denied and strict proof thereof is demanded at the time of trial to the extent relevant and material.

10. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 10 of the Plaintiffs' Complaint. Therefore, they are denied and strict proof thereof is demanded at the time of trial to the extent relevant and material.

11. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of paragraph 11 of the Plaintiffs' Complaint. Therefore, they are denied and strict proof thereof is demanded at the time of trial to the extent relevant and material.

12. Erie admits only that Erie Insurance Exchange policy number Q41 2210712 was in force and effect for policy period 05/22/20 to 05/22/21 and that insurance premiums were paid by the Plaintiffs. Any remaining allegations are denied.

13. The allegations of paragraph 13 of the Plaintiffs' Complaint are denied as stated. Erie admits only that it paid two prior claims for the Plaintiffs involving damage to the houseboat. Erie denies that paragraph 13 fairly summaries the specifics of the prior claim in 2014.

14. The allegations of paragraph 14 of the Plaintiffs' Complaint are denied as stated. Erie admits only that it paid two prior claims for the Plaintiffs involving damage to the houseboat. Erie denies that paragraph 14 fairly summaries the specifics of the prior claim in 2018.

15. Erie admits only that Erie Insurance Exchange policy number Q41 2210712 was in force and effect for policy period 05/22/20 to 05/22/21 and that insurance premiums were paid by the Plaintiffs. Any remaining allegations are denied. The policy, including any applicable Declaration Pages is a writing and is the sole evidence of its contents.

Any attempt in paragraph 15 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied, as the policy must be considered as a whole and in its entirety.

16.     The allegations of paragraph 16 of the Plaintiffs' Complaint are admitted.

17.     The allegations of paragraph 17 of the Plaintiffs' Complaint are admitted.

18.     Denied. The Erie Insurance Exchange policy is a writing and is the sole evidence of its terms, conditions limitations and exclusions. Any attempt in paragraph 18 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied, as the policy must be considered as a whole and in its entirety.

19.     Denied. The Erie Insurance Exchange policy is a writing and is the sole evidence of its terms, conditions, limitations and exclusions. Any attempt in paragraph 19 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied, as the policy must be considered as a whole and in its entirety.

20.     Denied. The Erie Insurance Exchange policy is a writing and is the sole evidence of its terms, conditions, limitations and exclusions. Any attempt in paragraph 20 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied, as the policy must be considered as a whole and in its entirety.

21.     Denied. The Erie Insurance Exchange policy is a writing and is the sole evidence of its terms, conditions, limitations and exclusions. Any attempt in paragraph 21 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied, as the policy must be considered as a whole and in its entirety.

22.     After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the

Plaintiffs' Complaint. Therefore, there denied.

23. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the Plaintiffs' Complaint. Therefore, there denied.

24. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Plaintiffs' Complaint. Therefore, there denied.

25. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 of the Plaintiffs' Complaint. Therefore, there denied.

26. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 of the Plaintiffs' Complaint. Therefore there denied.

27. Erie admits only that it received notice of the claim in question on August 5, 2020 and took steps to move forward with the adjustment of the claim and inspection of the houseboat. Any remaining allegations are denied.

28. Denied as stated. Erie admits only that its adjuster, Tracy Braendel contacted Mr. Bruckner on August 6, 2020, asked for photographs and advised that there would be an inspection. Any remaining allegations are denied.

29. The allegations of paragraph 29 are admitted to the extent that the subject claim bears claim number A00002771042.

30. The allegations of paragraph 30 are admitted to the extent that a statement was taken of Richard Bruckner.

31.     The allegations of paragraph 31 are denied as stated. To the contrary, Erie adjuster, Tracy Braendel advised Mr. Bruckner that Erie had not received the photos that Mr. Bruckner claimed he sent. It was requested that he re-send the photographs. As to any remaining allegations, after a reasonable investigation, Erie is without knowledge or information as to their truth or falsity. Therefore, they are denied, and strict proof is demanded to they extent they are relevant and material.

32.     Denied as stated. Erie admits only that it received information from the Bruckners and was awaiting information that the houseboat was towed to Lakeshore at which time Erie would be able to complete a necessary inspection.

33.     Denied as stated. Erie admits only that it was awaiting information that the houseboat was towed to Lakeshore at which time Erie would be able to complete a necessary inspection. After discussion with the appraiser and Lakeshore, arrangements were made to conduct the inspection on August 26, 2020.

34.     Erie admits only that the inspection of the houseboat took place on August 26, 2020, and that an Erie appraiser and Ben Gommel of Davis and Company, a marine surveyor, conducted that inspection. Any remaining allegations are denied.

35.     The allegations of paragraph 35 of the Plaintiffs' Complaint are admitted in part and denied in part. It is admitted that Erie adjuster Tracy Braendel spoke with Mr. and Mrs. Bruckner on August 31, 2020 and explained the basis for the denial of the claim. The Bruckners were advised if they had questions that they could speak to the supervisor. Any remaining allegations are denied.

36.     Erie admits only that there was a follow-up call with Erie supervisor Phyllis Ott who reiterated the bases for denial. Any remaining allegations are denied.

37. Erie admits only that during the August 31, 2020 discussion as between the Bruckners and Phyllis Ott, that the Bruckners asked for a copy of the report. Any remaining allegations are denied. Erie does admit that as of August 31, 2020 that it declined to provide a copy of the report to the insureds, only an explanation for the coverage decision.

38. Erie admits only that during the August 31, 2020 discussion as between the Bruckners and Phyllis Ott, that the Bruckners asked for a copy of the report. Any remaining allegations are denied. Erie does admit that as of August 31, 2020 that it declined to provide a copy of the report to the insureds, or other items that were part of Erie's investigation but did provide an explanation for the coverage decision.

39. Erie admits only that it sent the September 1, 2020 letter to the Bruckners. The letter is a writing and is the sole evidence of its contents. Any effort in paragraph 39 or otherwise, to paraphrase, summarize or characterize the letter, in whole or in part, is denied.

40. The allegations of paragraph 40 of the Plaintiffs' Complaint are admitted.

41. Erie admits only that on or about October 8, 2020 it received the October 5 letter from Mr. Bruckner with attachments. Any remaining allegations are denied.

42. Erie admits only that on or about October 8, 2020 it received the October 5 letter from Mr. Bruckner with attachments. Any remaining allegations are denied.

43. The allegations of paragraph 43 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required as to Erie. To the extent that any further answer is deemed to be required, the allegations are denied.

44. Denied as stated. Erie adjuster Tracy Braendel did speak with Mr. Bruckner

on October 23, 2020, as to a request to reinspect the houseboat and was advised at that time that repairs had been made.

45. Denied as stated. Erie adjuster Tracy Braendel did speak to Mr. Bruckner on October 23 and November 10 and confirmed that Erie would reinspect the houseboat. This re–inspection was completed on November 13, 2020.

46. Erie admits only that Tracy Braendel was in contact with Richard Bruckner on November 23, 2020, and advised that investigation was ongoing. Any remaining allegations are denied.

47. The allegations of paragraph 47 are denied as stated. Although Erie admits there was contact with Mr. Bruckner on December 2, 2020, after a reasonable investigation, Erie is unable to without knowledge or information sufficient to form a belief as to the truth or falsity of the specific allegations regarding the voicemail message allegedly made by Erie supervisor Phyllis Ott. Therefore, they are denied.

48. Erie admits only that it received an email from Attorney Fredrick Goldsmith indicating representation of the Bruckners. Erie further admits that there were attachments to the letter. The letters are the sole evidence of their contents. Any further allegations are denied.

49. The allegations of paragraph 49 of the Plaintiffs' Complaint are denied as stated. The email referenced is the sole evidence of its contents and any attempt to paraphrase, summarize or characterize that email, in whole, or in part, is denied. Erie admits it acknowledged receipt of the email from Attorney Goldsmith.

50. The allegations of paragraph 50 of the Plaintiffs' Complaint are denied as stated. The email referenced is the sole evidence of its contents and any attempt to

paraphrase, summarize or characterize that email, in whole, or in part, is denied. Erie admits it acknowledged receipt of the email to Attorney Goldsmith.

51. The allegations of paragraph 51 of the Plaintiffs' Complaint are denied as stated. The email referenced is the sole evidence of its contents and any attempt to paraphrase, summarize or characterize that email, in whole, or in part, is denied. Erie admits it acknowledged receipt of the email from Attorney Goldsmith.

52. The allegations of paragraph 52 are admitted.

53. Erie admits only that it sent a letter dated July 8, 2021 to counsel for the Bruckners. The letter itself is the sole evidence of its contents. Any attempt in paragraph 53 or otherwise to paraphrase, summarize or characterize the letter, in whole or in part, is denied.

54. Erie admits only that it sent an email to Plaintiff's' counsel on either July 15 or July 16, 2021, advising that it would not provide the contents of its investigative file. A copy of the relevant policy was provided to counsel. Any remaining allegations are denied.

55. Erie admits only that it sent an email to Plaintiff's' counsel on either July 15 or July 16, 2021, advising that it would not provide the contents of its investigative file. A copy of the relevant policy was provided to counsel. Any remaining allegations are denied. By way of further answer, the email correspondence referenced in paragraphs 54 and 55 are the sole evidence of their contents. Any effort to paraphrase, summarize or characterize the email exchange in paragraphs 54, 55, or otherwise, in whole or in part, is denied.

56. Erie admits only that it sent an email to Plaintiff's' counsel on either July 15 or July 16, 2021, advising that it would not provide the contents of its investigative file. A

copy of the relevant policy was provided to counsel. Any remaining allegations are denied. By way of further answer, the email correspondence referenced in paragraphs 54 and 55 are the sole evidence of their contents. Any effort to paraphrase, summarize or characterize the email exchange in paragraphs 54, 55, 56 or otherwise, in whole or in part, is denied.

57. Erie admits only that it sent an email to Plaintiff's' counsel on either July 15 or July 16, 2021, advising that it would not provide the contents of its investigative file. A copy of the relevant policy was provided to counsel. Any effort to paraphrase, summarize or characterize the email exchange in paragraphs 54, 55, 56, 57 or otherwise, in whole or in part, is denied.

58. Erie admits only that it received the email referenced. Erie had previously sent an email to Plaintiff's' counsel on either July 15 or July 16, 2021, advising that it would not provide the contents of its investigative file. A copy of the relevant policy was provided to counsel. Any remaining allegations are denied.

59. Admitted in part and denied in part. Erie admits only that it sent an email dated July 26, 2021 to counsel for the Bruckners. Any attempt in paragraph 59 or otherwise, to paraphrase, summarize or characterize the email is denied. is the sole evidence of its contents.

60. The allegations of paragraph 60 of the Plaintiffs' Complaint are denied.

61. The allegations of paragraph 61 are denied as stated. Erie issued a denial letter to the Plaintiffs and indicated its bases for the denial.

62. The allegations of paragraph 62 are denied as stated. Erie issued a denial letter to the Plaintiffs and indicated its bases for the denial.

63. Denied.

64. Denied.

## Count I – Breach of Contract

65. The allegations of paragraphs 1 through 64, inclusive, of this Answer are incorporated herein by reference as though set forth at length.

66. Denied.

67. Denied.

68. Denied. The policy in question is the sole evidence of its terms, conditions, limitations and exclusions. Any effort in paragraph 68 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied. Erie specifically denies that the loss in question is a covered loss under the Erie policy.

69. Denied. The policy in question is the sole evidence of its terms, conditions, limitations and exclusions. Any effort in paragraph 69 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied. Erie specifically denies that the loss in question is a covered loss under the Erie policy.

70. Denied. The policy in question is the sole evidence of its terms, conditions, limitations and exclusions. Any effort in paragraph 70 or otherwise to paraphrase, summarize or characterize the policy, in whole or in part, is denied. Erie specifically denies that the loss in question is a covered loss under the Erie policy.

71. Denied.

72. Denied.

73. Denied.

74. After a reasonable investigation, Erie is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations of paragraph 74 of the Plaintiffs' Complaint regarding damages. Therefore, they are denied. Erie specifically denies that the loss in question is a covered loss under the Erie policy.

75. After a reasonable investigation, Erie is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 75 of the Plaintiffs' Complaint regarding damages. Therefore, they are denied. Erie specifically denies that the loss in question is a covered loss under the Erie policy.

76. Denied.

WHEREFORE, Defendants, Erie Indemnity Company, Erie Insurance Property and Casualty Company and Erie Insurance Exchange, demands judgment in their favor and against the Plaintiffs to include costs.

## Count II – Bad Faith

77. The allegations of paragraphs 1 through 76, inclusive, of this Answer are incorporated herein by reference as though set forth at length.

78. The allegations of paragraph 78 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required of Erie. To the extent that any further answer is deemed to be required, the allegations are denied.

79. The allegations of paragraph 79 of the Plaintiffs' Complaint constitute conclusions of law to which no response is required of Erie. To the extent that any further answer is deemed to be required, the allegations are denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

WHEREFORE, Defendants, Erie Indemnity Company, Erie Insurance Property and Casualty Company and Erie Insurance Exchange, demands judgment in their favor and against the Plaintiffs to include costs.

### Count III - Unfair Trade Practices Act and Consumer Protection Law

85. The allegations of paragraphs 1 through 84, inclusive, of this Answer are incorporated herein by reference as though set forth at length.

86. Denied. The Erie Insurance Exchange policy is a writing and is the sole evidence of its contents, including any terms, conditions, limitations, and exclusions. Any effort in paragraph 86, or otherwise, to paraphrase, summarize or characterize the policy, in whole or in part, is denied.

87. Denied.

88. Denied.

### Affirmative Defenses

### First Affirmative Defense

89. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

90. Plaintiffs' claims are barred by doctrines of waiver, estoppel, and laches.

### Third Affirmative Defense

91. Plaintiffs' alleged damages were not caused by any covered peril under the Erie policy.

92. The Erie Insurance Exchange policy is a named peril policy providing coverage only for eight enumerated perlis listed in the policy, none of which apply to the loss in question.

93. The loss in question was not caused by an occurrence as that term is defined in the Erie Insurance Exchange policy.

94. The loss in question was not caused by an accident as that term is defined in the Erie Insurance Exchange policy.

### Fourth Affirmative Defense

95. At all times relevant and material hereto, Erie promptly, fairly and reasonably investigated, adjusted and handled the Plaintiffs' claim.

WHEREFORE, Defendants, Erie Indemnity Company, Erie Insurance Property and Casualty Company and Erie Insurance Exchange, demand judgment in their favor and against the plaintiffs to include costs.

Respectfully submitted,

DiBELLA WEINHEIMER

BY: */s/ Kathleen S. McAllister, Esquire*
KATHLEEN S. McALLISTER, ESQUIRE

Attorneys for Defendant
Erie Insurance Company

Pa. I.D No. 30764
Firm I.D. No. 099

429 Fourth Avenue – Suite 200
Law & Finance Building
Pittsburgh, PA 15219

412.261.2900
kmcallister@d-wblaw.com

**Jury Trial Demand**